UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-cr-20381-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAROD MONTRELL ALONSO,

    Defendant.
_____/

## ORDER ON MOTION FOR SENTENCE REDUCTION

**THIS CAUSE** is before the Court upon Defendant Jarod Montrell Alonso's ("Defendant") Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) ("Motion"), ECF No. [123]. The Government filed a Response in Opposition ("Response"), ECF No. [124]. The Court has carefully reviewed the Motion, the Response, the record in the case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I.   BACKGROUND**

On February 4, 2015, a jury found Defendant guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e)(1). ECF No. [76]. On May 28, 2015, this Court sentenced Defendant to 262 months in prison, followed by a five-year term of supervised release. ECF No. [109]. Defendant is currently housed at Yazoo City Medium FCI, in Yazoo City, Mississippi, and is scheduled to be released from custody on March 24, 2033.

In the Motion, Defendant requests a reduction in sentence, arguing he is eligible under United States Sentence Guideline § 1B1.13, which details the circumstances that warrant a reduction in term of imprisonment under 18 U.S.C. § 3582(c)(1)(A). ECF No. [123]. Defendant alleges he is serving an "unusually long sentence," and has served at least ten years of such

Case No. 14-cr-20381-BLOOM

sentence. *Id.* at 6-7. Further, Defendant contends that the factors set forth in 18 U.S.C. § 3553 weigh in favor of a sentence reduction. *Id.* at 7-9.

The Government opposes the Motion, arguing that Defendant failed to exhaust his administrative remedies, Defendant has not demonstrated "extraordinary and compelling reasons" to warrant his release because there has been no change in law, and the § 3553 factors weigh against compassionate release.

## II.  LEGAL STANDARD

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction; …
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Pursuant to United States Sentencing Guideline § 1B1.13(a), the court may reduce a term of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that:

> **(1)(A)** Extraordinary and compelling reasons warrant the reduction; or
> **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
> **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> **(3)** The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13(a). Guideline § 1B1.13 sets forth the six circumstances that constitute "Extraordinary and compelling reasons" warranting a sentence reduction, including:

> **(6) Unusually Long Sentence.**--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). In order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must find as follows:

> First, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). Second, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id.* Third, the Court should turn to the "extraordinary and compelling reasons" test . . . . And fourth, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, 454 F. Supp. 3d 1236, 1238 (S.D. Fla. 2020) (emphasis omitted).

"Because all three conditions—i.e., support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement—are necessary, the absence of even one would foreclose a sentence reduction." *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021).

The defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

### III. DISCUSSION

#### A. Administrative Exhaustion

Defendant argues that he administratively exhausted his remedies. As proof, Defendant attaches the warden's response to Defendant's January 25, 2024, request for compassionate release. ECF No. [123] at 21. The warden denied Defendant's request and directed Defendant to appeal the decision within twenty days of receipt of the response. *Id.* at 22. The Government responds that this is insufficient proof of administrative exhaustion, as Defendant does not attach any documentation that he appealed the warden's denial of his request. ECF No. [124] at 2.

To file a motion for a reduced sentence, Defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). On January 25, 2024, Defendant submitted a request that the warden file a compassionate release motion on his behalf, which the warden denied. ECF No. [123] at 21-22. The warden indicated that if Defendant was not "satisfied with this response to [Defendant's] request, [Defendant] may commence an appeal of this decision . . . within 20 days of receipt of this response." *Id.* at 22. Defendant filed this Motion on June 28, 2024, more than thirty days after receipt of his request by the warden. Accordingly, Defendant has exhausted his administrative remedies, as more than thirty days lapsed between receipt of Defendant's request of the warden and Defendant's present Motion.

4

The Government argues that Defendant must have appealed the warden's denial to administratively exhaust his remedies. This Court has rejected that interpretation, holding that "the plain language of Section 3582(c)(1)(A) makes clear that '[t]he 30-day waiting time provision is an exception to a plenary exhaustion requirement.'" *United States v. Qazi*, 2023 WL 7495095, at *3 (S.D. Fla. Nov. 13, 2023) (quoting *United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020)). The text of § 3582(c)(1)(A) does not indicate that the lapse of thirty days only constitutes administrative exhaustion when the warden fails to reply. Accordingly, this Court proceeds with the remainder of the sentence reduction analysis.

### B. Extraordinary and Compelling Reasons to Warrant Release

Defendant contends he qualifies for a sentence reduction because he has served ten years of an unusually long sentence, and there was a change in law regarding convictions for felony possession of a firearm. ECF No. [123] at 6. The Government responds that Defendant fails to demonstrate a change in law that has now created a sentencing disparity. ECF No. [124] at 2.

Under subsection (b)(6), "a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason" if: (1) "a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment" but (2) "only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6). Moreover, the determination of whether there is an extraordinary and compelling reason warranting a sentence reduction must occur "after full consideration of the defendant's individualized circumstances." *Id.* The Sentencing Guidelines further provide that:

> (c) LIMITATION ON CHANGES IN LAW.—Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that

has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

U.S.S.G. § 1B1.13(c).

Defendant was convicted of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e)(1) in 2015. ECF No. [119]. Since 2015, there have been no changes to either §§ 922(g) or 924(e)(1) that would warrant a sentence reduction. Nevertheless, Defendant cites to *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), to argue that the approach used in federal firearm offenses has changed. ECF No. [123] at 6. However, *Bruen* decided the test that courts must employ when analyzing the constitutionality of gun laws, and the *Bruen* decision has no bearing on Defendant's sentence. *See* 597 U.S. at 2126. Indeed, in *United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024), the Eleventh Circuit considered whether *Bruen* invalidated § 922(g)(1), and after concluding that it did not, reaffirmed the constitutionality of § 922(g)(1). 94 F.4th at 1293.

The Court sentenced Defendant at the low end of the guideline range, and Defendant has provided no disparity that would weigh in favor of a further reduction. Thus, no extraordinary or compelling reason exists to warrant release. Because Defendant has not met the threshold requirements for entitlement to relief under § 3582(c)(1)(A), the Court does not consider whether the § 3553(a) factors support a reduced sentence. *See Tinker*, 14 F.4th at 1237-38.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [123]**, is **DENIED**.

Case No. 14-cr-20381-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 6, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

Jarod Montrell Alonso
02445-104
Yazoo City Low
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 5000
Yazoo City, MS 39194